**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| DR. MARK SCHWARTZ, D.O., | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | Hon. Dennis M. Cavanaugh |
| -vs- | : | Civil Action No. 06-3173 (DMC) |
| | : | |
| AETNA LIFE INSURANCE | : | |
| COMPANY, John Does (I-V), | : | **REPORT AND RECOMMENDATION** |
| ABC Corporations (I-V), | : | |
| | : | |
| Defendants. | : | |

Before the Court is defendant, Aetna Life Insurance Company's ("defendant")
motion to dismiss the complaint for failure to provide discovery and failure to comply with
court orders. (Docket Entry No. 8.) Plaintiff, Dr. Mark Schwartz, D.O. ("plaintiff") has not
submitted opposition. For the reasons set forth below, it is respectfully recommended that
defendant's motion be **granted**.

## BACKGROUND

Plaintiff initially filed his complaint in state court on or about June 2, 2006. The
complaint alleges, inter alia, that plaintiff performed medical services on behalf of thirty-one
(31) patients and was denied benefits under a health plan governed by the Employee
Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. (Cmpl. ¶¶ 9-
11.) On July 13, 2006, defendant removed the case to this Court. Five days later, on July 18,
2006, defendant filed its answer.

On July 24, 2006, the undersigned issued a Letter Order scheduling an initial conference for August 24, 2006, and directing the parties to "immediately serve interrogatories, limited to twenty-five (25) questions, and requests for the production of documents (no limit)." (Order dated July 24, 2006 (Docket Entry No. 3).) On October 10, 2006, defendant served interrogatories and requests for the production of documents. (Affidavit of Paul D. Kelly ("Kelly Aff.") ¶ 8.)  Plaintiff has not served any discovery requests. (Kelly Aff. ¶ 12.)

Due to two adjournments and an instance of plaintiff's counsel failing to appear, the initial scheduling conference was not held until December 7, 2006. (Id. ¶¶ 6-11.)  On December 12, 2006, a pretrial scheduling order was issued which, among other things, scheduled a telephone conference on February 8, 2007.  (Docket Entry No. 5.)

On February 8, 2007, the Court was advised that defendant's discovery requests, which had then been outstanding for four months, remained unanswered.  Plaintiff's counsel, Jeffrey B. Randolph, Esq. ("plaintiff's counsel"), indicated that he would provide responses shortly. (Kelly Aff.  ¶¶ 14-15.)  Over a month later, the discovery requests remained outstanding. (Id.  ¶¶ 15-16.)

On March 20, 2007, defendant's counsel sent a letter to the undersigned regarding plaintiff's continued failure to engage in discovery.  In addition, defendant informed the Court that plaintiff had failed to timely produce his expert report in violation of the Court's scheduling order. (Id. ¶ 16.)

2

On April 3, 2007, a telephone conference was held. (Id. ¶ 18.) Plaintiff's counsel stated that he had attempted to contact plaintiff on a number of occasions, but plaintiff had failed to return his phone calls. Following the conference, the undersigned issued an order, which stated:

> This matter having come before the Court for a telephonic status conference on April 3, 2007; and it appearing that plaintiff has failed to answer outstanding discovery requests; and these discovery requests having been outstanding for approximately (5) months; and has failed to remain in contact with his counsel; . . .
>
> **ORDERED** that plaintiff shall respond to the outstanding discovery requests by April 13, 2007. Failure to comply will result in the imposition of sanctions, including dismissal of the complaint.

(Order dated April 3, 2007 (Docket Entry No. 6).)

On April 17, 2007, defendant electronically filed an affidavit indicating that plaintiff had not complied with this Court's Order. (Docket Entry No. 7.) As a result, the Court held a telephone conference on May 2, 2007. Plaintiff's counsel again advised the Court that plaintiff was not responding to his telephone calls, letters or e-mails. On May 9, 2007, defendant filed its motion to dismiss the complaint based on plaintiff's failure to comply with court orders and respond to discovery. On May 29, 2007, plaintiff's counsel filed a motion to withdraw as counsel. (Docket Entry No. 10.)

## ANALYSIS

Federal Rules of Civil Procedure 16 and 37 specifically provide that if a party fails

3

to obey a court order, the court may appropriately sanction that party by issuing such orders that are just, including the entry of an order "[d]ismissing the action or proceeding . . ." Fed. R. Civ. P. 37(b)(2)(C). In addition, the United States Court of Appeals for the Third Circuit has expressly recognized that "courts have inherent equitable power to dismiss actions . . . for the failure to prosecute . . ." Lightening Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993). The decision to dismiss a party's pleading is within the court's discretion. See Bowers v. National Collegiate Athletic Association, 475 F.3d 524, 538 (3d Cir. 2007) (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778 (1976)).

The Third Circuit has approved the use of a six-part test, first enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine when the sanction of dismissal is appropriate. See Hoxworth v. Binder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindel v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

4

While consideration of the <u>Poulis</u> factors is generally required, in extreme circumstances it is not necessary to engage in a <u>Poulis</u> analysis prior to the dismissal of a party's pleading. <u>See, e.g.</u>, <u>Spain v. Gallegos</u>, 26 F.3d 439, 454-55 (3d Cir. 1994) (no <u>Poulis</u> balancing necessary when a party willfully abandons its case); <u>Sebrell ex rel. Sebrell v. Philadelphia Police Dept.</u>, 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes the adjudication of the case impossible . . . balancing under <u>Poulis</u> is unnecessary."). Although it appears that plaintiff has willfully abandoned his case, the Court will nonetheless consider the <u>Poulis</u> factors.

With respect to the <u>Poulis</u> factors, this Court finds as follows:

1. <u>Plaintiff's Personal Responsibility.</u>  Plaintiff has not remained in contact with his counsel and has personally failed  to provide the information necessary for this case to proceed.  Specifically, plaintiff repeatedly failed to respond to his counsel's inquiries and requests, even when advised that his failure to comply would result in dismissal of the complaint. (Def.'s Br. 8; Kelly Aff. ¶¶ 18, 27.)  In short, plaintiff is personally responsible for his failure to obey court orders and engage in  discovery.

2. <u>Prejudice to the Defendant.</u>  Plaintiff's refusal to respond to discovery requests has significantly prejudiced defendant.  Defendant has not been provided with even the most elementary discovery, such as the specific claims at issue and plaintiff's efforts to exhaust his administrative remedies. This makes it impossible for the defendant to assess plaintiff's complaint and prepare its defense. Plaintiff's complete failure to provide discovery has

5

caused genuine prejudice to the defendant.

3. <u>History of Dilatoriness.</u> Plaintiff has exhibited an extended history of dilatoriness. In fact, plaintiff has taken almost no action in this case whatsoever. Discovery requests were served in October of 2006 and remain unanswered. If plaintiff was unable to comply " . . . a timely request for an extension should [have] been made." <u>Poulis</u>, 747 F.2d at 868. Plaintiff has never requested an extension, despite having approximately seven (7) months to do so. Instead, plaintiff has ignored his counsel and failed provide any information whatsoever related to the outstanding discovery responses or his intentions for the remainder of the case. The Court believes this establishes a history of dilatoriness.

4. <u>Willfulness or Bad Faith.</u> There is no evidence of bad faith. However, the undersigned is satisfied that plaintiff's conduct has been willful. As set forth <u>supra</u>, plaintiff's counsel has represented to the Court that he has made repeated attempts to contact his client regarding the issues plaguing this case. (Kelly Aff. ¶ 27.) Plaintiff has chose not to remain in contact with his counsel or the Court. Further underscoring plaintiff's willful conduct, the Court has issued orders which have been ignored. In light of the absence of any explanation for his noncompliance, the undersigned construes plaintiff's conduct as willful.

5. <u>Effectiveness of Alternative Sanctions.</u> The record of noncompliance in this case reveals that alternative sanctions would be fruitless. Plaintiff has ignored this case since its inception. Most recently, plaintiff has failed to comply with this Court's Order, despite knowledge that the failure to do so may result in dismissal of his case. In short, plaintiff's

actions indicate a desire to abandon the case. Plaintiff's apparent intention to abandon his case, coupled with his refusal to engage in the most basic aspects of discovery or obey court orders, leads the undersigned to conclude that no less drastic sanction, such as a monetary sanction, would result in an appropriate response.

     6. <u>Meritoriousness of the Claims.</u> The Court is unable to determine the meritoriousness of plaintiff's claims.

     In sum, plaintiff personally has disregarded his discovery obligations, ignored court orders, failed to prosecute his case and failed to oppose this motion. Plaintiff's conduct has made the adjudication of this case impossible. <u>See</u> <u>Sebrell ex rel. Sebrell</u>, 159 Fed. Appx. at 373-74. A balancing of the <u>Poulis</u> factors weigh heavily in favor of dismissal. For those reasons, the Court believes the appropriate sanction for plaintiff's conduct is dismissal of his complaint.

<b><u>CONCLUSION</u></b>

     For the foregoing reasons, it is respectfully recommended that defendant's motion to dismiss plaintiff's complaint be **granted**.

Dated: June 5, 2007

                                   s/Mark Falk
                                   MARK FALK
                                   United States Magistrate Judge

Orig.: Clerk of the Court
cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.
       All Parties
       File